IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE WAY INTERNATIONAL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) C. A. No. _____ |
| CARL A. TURNER, Sr. and THE WAY MINISTRIES, INC., | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT,
FEDERAL UNFAIR COMPETITION, AND RELATED STATE CLAIMS**

Plaintiff, The Way International, alleges as follows for its Complaint:

**JURISDICTION AND VENUE**

1. This is a Complaint for trademark infringement and unfair competition under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (hereinafter the "Lanham Act"), and for trademark infringement, unfair competition, and deceptive trade practices under the laws of the State of Delaware.

2. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. §§ 1114, 1116, 1121, and 1125. Jurisdiction for the claims arising under the laws of the State of Delaware is predicated upon 28 U.S.C. § 1338(b) in that the claims are substantial and related to those asserted under the federal trademark law, and under 28 U.S.C. § 1367(a) in that the claims are part of the same case or controversy.

3. This Court has personal jurisdiction over defendants Carl A. Turner, Sr. and The Way Ministries, Inc. in that Turner resides in this district; The Way Ministries, Inc. is doing

business in this state; and Defendants have committed the alleged acts of infringement and unfair competition in this district.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

5. Plaintiff, The Way International (hereinafter "Plaintiff" or "The Way International"), is a non-profit corporation duly organized and existing under the laws of the State of Ohio, maintaining its principal place of business at 5555 Wierwille Road, New Knoxville, Ohio 45871.

6. Upon information and belief, defendant Carl A. Turner, Sr. is, and at all times material hereto has been, a resident of this district, currently residing at 1 Yorkshire Court, Bear, Delaware, 19701.

7. Upon information and belief, Defendant The Way Ministries, Inc. is a non-profit corporation that was duly organized and existing under the laws of the State of Delaware, until being voided in 2006, maintaining its principal place of business at P.O. Box 223, Bear, Delaware 19701-0220, and conducting religious services at The George Wilson Community Center, 303 New London Road, Newark, Delaware, 19711.

## THE WAY INTERNATIONAL'S
## INTELLECTUAL PROPERTY RIGHTS

8. The Way International is a nondenominational Christian biblical research, teaching and fellowship ministry with an international membership. Plaintiff has provided religious educational services and related materials under the trademark/service mark THE WAY, and variations thereof, in the United States and internationally for more than 50 years.

9. Originally incorporated in 1947 under the name THE CHIMES HOUR YOUTH CARAVAN, INCORPORATED, Plaintiff changed its corporate name to THE WAY, INC. in

2

1955, and subsequently to THE WAY INTERNATIONAL in 1974. Plaintiff is and has for years been referred to as both THE WAY and THE WAY INTERNATIONAL.

10. Plaintiff and its predecessors have utilized THE WAY mark continuously in connection with religious educational services and related materials in the United States and throughout the world since at least as early as 1955, and in the State of Delaware since at least the early 1980's.

11. Plaintiff has spent substantial time, money and effort establishing its reputation for scholarship and services in religious education, fellowship and related fields. This reputation is identified by various marks, both registered and unregistered, that use or incorporate THE WAY (collectively, "Plaintiff's Marks").

12. Through its extensive use of THE WAY and Plaintiff's Marks in connection with its religious teachings and fellowship and promotion of them, Plaintiff has established national and worldwide recognition of said marks, and people involved in religious studies and fellowship associate Plaintiff's Marks with Plaintiff. Among other things, Plaintiff preaches to new potential followers and solicits charitable contributions from its current followers under its marks THE WAY and Plaintiff's Marks.

13. Plaintiff owns two incontestable U.S. trademark registrations for the word mark THE WAY:

> **THE WAY** (U.S. Reg. No. 1,155,904, registered May 26, 1981) in Class 41 for "educational services--namely, providing religious teaching services by means of motion pictures and slide presentations and producing and presenting musical, dramatic musical, and dramatic productions and presenting works of art, publishing of periodicals and booklets of a religious nature."

> **THE WAY** (U.S. Reg. No. 1,236,084, registered May 3, 1983) in Class 9 for "audiotapes, videotapes, records, and cassettes" and in Class 16 for "religious paperback and hardback books, study manuals, and stationery--namely, note cards."

3

14. Plaintiff also owns nine other U.S. trademark registrations for marks containing the mark THE WAY, and four U.S. trademark registrations for word marks of THE WAY INTERNATIONAL.

15. Plaintiff promotes and advertises its services, products and marks in interstate and foreign commerce through many avenues, including magazines, newsletters, books, note cards, and audio and video tapes. Plaintiff spends a substantial amount of effort and money on such promotion and advertising. As a result of these activities, Plaintiff has developed a reputation as a recognized provider of religious instruction, educational materials and fellowship.

16. In February of 1999, Plaintiff expanded the promotion of its services to the Internet when it registered the THEWAY.ORG domain name and began operating its official website at www.theway.org (hereinafter "The Way Website"). The Way Website provides, among other things, an overview of Plaintiff's mission, historical information regarding Plaintiff, descriptions of various educational services and products offered by Plaintiff, and contact information. In sum, The Way Website provides a global platform for the promotion of Plaintiff's services and trademarks, making it an integral part of Plaintiff's operations.

17. Plaintiff also owns the following domain names: <thewayinternational.net>; <thewayinternational.org>; <thewayinternational.info>; <thewayintl.net>; <thewayintl.org>; <thewayintl.info>; <theway.com>; <theway.net>; <theway.info>; <theway.tv>; <thewayministry.com>; <thewayministry.net>; <thewayministry.info>; and <wayinternational.org>. Plaintiff utilizes these domains to redirect Internet users to The Way Website.

18. By reason of the promotion, advertising, media coverage, and the people who have sought Plaintiff's teachings, services, and products, Plaintiff's Marks--since long prior to

4

Defendants' acts complained of herein--have come to be recognized by the public as identifying The Way International and its products and services, and readily serve to distinguish Plaintiff from other religious groups.

19.     Plaintiff actively polices possible infringements of Plaintiff's Marks, and takes appropriate action to protect its Marks.

20.     Plaintiff has not authorized Turner or the Way Ministries, Inc. to utilize the THE WAY mark in any manner at any time.

## DEFENDANTS' INFRINGING CONDUCT
(Applicable to and Incorporated in All Counts)

21.     Upon information and belief, Defendant Turner personally selected the name, and owns and dominates, Defendant The Way Ministries, Inc. Both Defendants utilize the trade name and mark "The Way Ministries, Inc.," and the domain name and mark <theway.ws> (collectively "the Infringing Marks").

22.     Upon information and belief, Defendants adopted the Infringing Marks with full knowledge of The Way International, its longstanding rights in and to THE WAY mark and Plaintiff's Marks, and with the intent to profit from their unauthorized use of Plaintiff's Marks.

23.     Upon information and belief, Defendants have used the Infringing Marks to promote and advertise their services and products, including religious teaching services, and also to solicit monetary contributions.

24.     Plaintiff has demanded that Defendants discontinue their use of the Infringing Marks, but Defendants have continued to use those Infringing Marks.

## COUNT I

### *Federal Trademark Infringement [15 U.S.C. § 1114(1)]*

25. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

26. Plaintiff's Marks, as set forth in the preceding paragraphs hereof, have been used throughout the United States and are well known to members of the public. The public generally associates and identifies Plaintiff's Marks with Plaintiff.

27. Defendants' use of Plaintiff's Marks is likely to cause confusion, mistake and deception among the relevant public as to the source of the services provided, and is likely to deceive the relevant public into believing that the services being offered by Defendants originate from, are associated with and/or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation and goodwill.

28. Defendants' use of Plaintiff's Marks is likely to cause confusion, mistake and deception among the relevant public as to the source providing religious teaching, and soliciting monetary contributions, and is likely to deceive the relevant public into believing that those teachings or requests emanate from Plaintiff or are associated with or authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation and goodwill.

29. Defendants' actions constitute willful infringement in violation of Plaintiff's rights.

30. Plaintiff has been damaged by and Defendants have profited from their wrongful conduct in an amount to be proven at trial.

31. Plaintiff has no adequate remedy at law. The conduct of Defendants has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its Marks and to its reputation and goodwill.

## COUNT II

### *Federal Unfair Competition [15 U.S.C. § 1125(a)(1)]*

32. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

33. By misappropriating and using Plaintiff's Marks, Defendants have misrepresented and falsely described to the general public the origin and source of their teachings and services, as well as the source soliciting and collecting monetary contributions, and created a likelihood of confusion by the consumer as to both the source and sponsorship of such teachings, services and solicitations.

34. Upon information and belief, Defendants' actions were done willfully with: (i) full knowledge of Plaintiff's success and goodwill and public recognition of Plaintiff's Marks; (ii) full knowledge that their conduct constituted misrepresentations of the nature, characteristics, source, and qualities of their services and commercial activities; and (iii) the intent to deceive the public.

35. Plaintiff has been damaged by and Defendants have profited from Defendants' wrongful conduct in an amount to be proven at trial.

36. Plaintiff has no adequate remedy at law. The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its Marks, and to its business, reputation, and goodwill.

## COUNT III

*Delaware Common Law Trademark Infringement and Unfair Competition*

37. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

38. This claim arises under the common law of Delaware relating to trademark infringement, unfair competition, and passing off.

39. Plaintiff is the owner of all right, title, and interest in and to the distinctive trademarks THE WAY and Plaintiff's Marks by virtue of its good-faith, extensive promotion of its services with its advertising and educational materials bearing such marks as set forth in the preceding paragraphs of this Complaint.

40. Upon information and belief, Defendants have intentionally (i) appropriated one or more of Plaintiff's Marks with the intent of causing confusion, mistake, and deception as to the source of their website and services, (ii) injured Plaintiff by taking its business and/or impairing its goodwill, and (iii) unfairly profited by using Plaintiff's name or one similar thereto, and as such, Defendants have committed trademark infringement, unfair competition, and passing off under Delaware common law.

41. Plaintiff has been damaged by and Defendants have profited from Defendant's wrongful conduct in an amount to be proven at trial.

42. Plaintiff has no adequate remedy at law. The conduct of Defendants have caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its Marks and to its business, reputation, and goodwill.

## COUNT IV

### *Delaware Deceptive Trade Practices [6 Del. Code §§ 2531-36]*

43. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

44. This claim arises under the Uniform Deceptive Trade Practices Act of Delaware.

45. Plaintiff is the owner of all right, title, and interest in and to the distinctive trademarks THE WAY and Plaintiff's Marks by virtue of its good-faith, extensive promotion of its services with its advertising and educational materials bearing such marks as set forth in the preceding paragraphs of this Complaint.

46. Upon information and belief, Defendants have intentionally (i) passed off their services and website as those of Plaintiff; (ii) caused likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendants' services and website; (iii) caused likelihood of confusion or of misunderstanding as to affiliation, connection, or association with Plaintiff; (iv) represented that Defendants' services and website have sponsorship or approval that they do not have; or (v) engaged in other conduct which similarly creates a likelihood of confusion or of misunderstanding, and as such, Defendants have engaged in deceptive trade practices under the Uniform Trade Practices Act of Delaware.

47. Plaintiff has been damaged by and Defendants have profited from Defendant's wrongful conduct in an amount to be proven at trial.

48. Plaintiff has no adequate remedy at law. The conduct of Defendants has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its Marks and to its business, reputation, and goodwill.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff respectfully demands that this Court enter judgment for it and against the Defendants as follows:

1. That Defendants and their agents, servants, employees, representatives, successors, and assigns and all other persons, firms, or corporations in active concert or participation with Defendants who receive actual notice of this Order be preliminarily and permanently enjoined from:

(a) directly or indirectly engaging in unfair competition with Plaintiff by means of any activities, including generally, but not limited to, conducting, promoting, and/or advertising their business and/or services under the mark "The Way Ministries," or the domain name <the way.ws> or any other name or mark utilizing any variation of THE WAY marks;

(b) using Plaintiff's Marks and/or any marks confusingly similar thereto, or any reproduction, counterfeit, copy, or colorable imitation thereof, in connection with conducting, promoting, and/or advertising any religious or spiritual services of any nature, including religious educational services and related materials;

(c) directly or indirectly engaging in unfair competition with Plaintiff in any manner, including distributing print, broadcast, or other forms of advertising or promotional materials, including but not limited to website and e-mail advertising and promotional material, which in any manner misrepresent the nature,

characteristics, qualities, or source of their services, or make use of Plaintiff's Marks as described herein;

 (d) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive consumers, Defendants' customers and/or subscribers, and/or members of the public to believe that, the actions of Defendants, or the services or products sold or offered by Defendants, are connected with Plaintiff, are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff.

2. That Defendants be required:

 (a) to pay Plaintiff such damages as Plaintiff has suffered, in consequence of Defendants' above-described acts of trademark infringement and unfair competition with Plaintiff, such amount which is undetermined but may be in the tens of thousands of dollars;

 (b) to account for and pay to Plaintiff all gains, profits, benefits, and advantages derived from their unlawful practices; and

 (c) to take all steps necessary to transfer the rights to the infringing domain name to Plaintiff.

3. That Plaintiff be awarded treble damages for Defendants' acts of trademark infringement and unfair competition in accordance with 15 U.S.C. § 1117(a) and 6 Del. Code § 2533(c), or for such amount as the Court shall find to be just, according to the circumstances of the case.

4.  That Plaintiff be awarded its attorneys' fees and costs incurred in this action, as well as prejudgment interest, in accordance with 15 U.S.C. § 1117(a) and 6 Del. Code § 2533(b).

5.  That Plaintiff have such other and further relief as the Court deems just and proper.

OF COUNSEL:

Louis A. Colombo
Brandt W. Gebhardt
BAKER & HOSTETLER LLP
3200 National City Center
1900 East 9th Street
Cleveland, Ohio 44114
Tel: (216) 621-0200
Tel: (216) 696-0740

Dated: August 24, 2007

POTTER ANDERSON & CORROON LLP

By: _____
Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
Fax: (302) 658-1192
rhorwitz@potteranderson.com
kdorsney@potteranderso.com

*Attorneys for Plaintiff*

814595 / 32139

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

THE WAY INTERNATIONAL

## DEFENDANTS

CARL A. TURNER, SR., and
THE WAY MINISTRIES, INC.

(b) County of Residence of First Listed Plaintiff  McLean
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
Potter Anderson & Corroon LLP
1313 N. Market Street, Wilmington, DE 19801    (302) 984-6000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | [x] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment / Habeas Corpus: | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / [ ] 530 General | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights / [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | / [ ] 550 Civil Rights | | | |
| | / [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. Section 1051 et seq. Action for trademark infringement and unfair competition.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  08/24/2007

SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

       (b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

       (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ___07-518___

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

___8/24/07___  x ___Mark D. Jordan___
(Date forms issued)          (Signature of Party or their Representative)

x ___Matthew D Gordon___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action