IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE WAY INTERNATIONAL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 07-518-GMS |
| CARL A. TURNER, Sr. and THE WAY MINISTRIES, INC., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR DEFAULT JUDGMENT**

Plaintiff, The Way International ("The Way" or "Plaintiff"), filed the Complaint in this action on August 24, 2007. *See* D.I. 1. In compliance with Fed. R. Civ. P. 4(c), Defendants, Carl A. Turner, Sr. and The Way Ministries, Inc., (collectively and individually, "Defendants") were served with a copy of the Summons and Complaint. *See* D.I. 5-6. When Defendants missed their answer date, Plaintiff's counsel wrote to them to demand a response. When Defendants ignored that letter, Plaintiff filed for an entry of default. On October 18, 2007 (D.I. 9), this Court ordered Defendants to file and serve their Answer no later than October 29, 2007. Defendants ignored that Order and did not file or serve a responsive pleading. On November 5, 2007, pursuant to The Way's earlier motion (D.I. 8), the Clerk entered default against both Defendants. *See* D.I. 12.

The Complaint seeks an injunction, profits, treble damages, the costs of this action, and reasonable attorneys' fees for trademark infringement and unfair competition. In light of Defendants' default, The Way could request judgment awarding each of these forms of relief. But The Way's principal goal in bringing this litigation has always been to eliminate Defendants' infringing uses of The Way's marks, and not to recover money damages from another religious

organization. Therefore, to bring an efficient resolution to this dispute, The Way requests only that the Court enter default judgment with injunctive relief as follows:

1. That Defendants and their agents, servants, employees, representatives, successors, and assigns and all other persons, firms, or corporations in active concert or participation with Defendants who receive actual notice of this Order are hereby permanently enjoined from:

   (a) directly or indirectly engaging in unfair competition with Plaintiff by means of any activities, including, but not limited to, conducting, promoting, and/or advertising their business and/or services under the mark "The Way Ministries," or the domain name <the way.ws> or any other name or mark utilizing any variation of Plaintiff's THE WAY marks;

   (b) using Plaintiff's THE WAY Marks and/or any marks confusingly similar thereto, or any reproduction, counterfeit, copy, or colorable imitation thereof, in connection with conducting, promoting, and/or advertising any religious or spiritual services of any nature, including religious educational services and related materials;

   (c) directly or indirectly engaging in unfair competition with Plaintiff in any manner, including distributing print, broadcast, or other forms of advertising or promotional materials, including but not limited to website and e-mail advertising and promotional material, which in any manner misrepresent the nature, characteristics, qualities, or source of their services, or make use of Plaintiff's THE WAY Marks;

  (d) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive consumers, Defendants' customers and/or subscribers, and/or members of the public to believe that, the actions of Defendants, or the services or products sold or offered by Defendants, are connected with Plaintiff, are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff.

 2. That the domain name <theway.ws> be transferred from Defendants to Plaintiff, and that Defendants take all steps necessary to effectuate that transfer.

## Facts

 1. Plaintiff is a nondenominational Christian biblical research, teaching and fellowship ministry with an international membership. Plaintiff has provided religious educational services and related materials under the trademark/service mark THE WAY, and variations thereof, in the United States and internationally for more than 50 years.

 2. Originally incorporated in 1947 under the name THE CHIMES HOUR YOUTH CARAVAN, INCORPORATED, Plaintiff changed its corporate name to THE WAY, INC. in 1955, and subsequently to THE WAY INTERNATIONAL in 1974. Plaintiff is and has for years been referred to as both THE WAY and THE WAY INTERNATIONAL.

 3. Plaintiff and its predecessors have utilized THE WAY mark continuously in connection with religious educational services and related materials in the United States and throughout the world since at least as early as 1955, and in the State of Delaware since at least the early 1980's.

4.     Plaintiff has spent substantial time, money and effort establishing its reputation for scholarship and services in religious education, fellowship and related fields. This reputation is identified by various marks, both registered and unregistered, that use or incorporate THE WAY (collectively, "Plaintiff's Marks").

5.     Through its extensive use of THE WAY and Plaintiff's Marks in connection with its religious teachings and fellowship and promotion of them, Plaintiff has established national and worldwide recognition of said marks, and people involved in religious studies and fellowship associate Plaintiff's Marks with Plaintiff. Among other things, Plaintiff preaches to new potential followers and solicits charitable contributions from its current followers under its marks THE WAY and Plaintiff's Marks.

6.     Plaintiff owns two incontestable U.S. trademark registrations for the word mark THE WAY:

> **THE WAY** (U.S. Reg. No. 1,155,904, registered May 26, 1981) in Class 41 for "educational services--namely, providing religious teaching services by means of motion pictures and slide presentations and producing and presenting musical, dramatic musical, and dramatic productions and presenting works of art, publishing of periodicals and booklets of a religious nature."
>
> **THE WAY** (U.S. Reg. No. 1,236,084, registered May 3, 1983) in Class 9 for "audiotapes, videotapes, records, and cassettes" and in Class 16 for "religious paperback and hardback books, study manuals, and stationery--namely, note cards."

7.     Plaintiff also owns nine other U.S. trademark registrations for marks containing the mark THE WAY, and four U.S. trademark registrations for word marks of THE WAY INTERNATIONAL.

8.     Plaintiff promotes and advertises its services, products and marks in interstate and foreign commerce through many avenues, including magazines, newsletters, books, note cards, and audio and video tapes. Plaintiff spends a substantial amount of effort and money on such

promotion and advertising. As a result of these activities, Plaintiff has developed a reputation as a recognized provider of religious instruction, educational materials and fellowship.

9. In February of 1999, Plaintiff expanded the promotion of its services to the Internet when it registered the THEWAY.ORG domain name and began operating its official website at www.theway.org (hereinafter "The Way Website"). The Way Website provides, among other things, an overview of Plaintiff's mission, historical information regarding Plaintiff, descriptions of various educational services and products offered by Plaintiff, and contact information. In sum, The Way Website provides a global platform for the promotion of Plaintiff's services and trademarks, making it an integral part of Plaintiff's operations.

10. Plaintiff also owns the following domain names: <thewayinternational.net>; <thewayinternational.org>; <thewayinternational.info>; <thewayintl.net>; <thewayintl.org>; <thewayintl.info>; <theway.com>; <theway.net>; <theway.info>; <theway.tv>; <thewayministry.com>; <thewayministry.net>; <thewayministry.info>; and <wayinternational.org>. Plaintiff utilizes these domains to redirect Internet users to The Way Website.

11. By reason of the promotion, advertising, media coverage, and the people who have sought Plaintiff's teachings, services, and products, Plaintiff's Marks, since long prior to Defendants' acts, have come to be recognized by the public as identifying The Way and its products and services, and readily serve to distinguish Plaintiff from other religious groups.

12. Notwithstanding these long-established rights, Defendants have adopted and utilized the mark "The Way Ministries, Inc." and the domain name <theway.ws>, which copy and infringe upon Plaintiff's marks and rights.

13.     Plaintiff has not authorized Defendants to utilize THE WAY mark in any manner at any time.

### **Argument**

The Lanham Act specifically authorizes injunctive relief when a defendant engages in trademark infringement, dilution, and unfair competition. *See* 15 U.S.C. § 1116. Trademark infringement is presumed to cause irreparable injury. *See, e.g., Kos Pharm., Inc. v. Andrx Corp.*, 369 F. 3d 700, 726 (3rd Cir. 2004) (upon finding likelihood of success, there is a presumption irreparable harm will occur if the conduct is not enjoined.) Irreparable injury can be effectively remedied only through permanent injunctive relief. *Sanofi-Aventis v. Avancis Pharm. Corp.*, 453 F.Supp. 2d 834, 858 (D. Del. 2006) (issuing an order for permanent injunction because the court found irreparable injury as a matter of law due to Defendant's trademark infringement); *see also* 4 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION §§ 24:73, 30:1 (4th ed. 2007) (noting that the traditional remedy against dilution and unfair competition is injunctive relief). Delaware common law trademark infringement and unfair competition also provide for this form of relief. *See Draper Communications, Inc. v. Delaware Valley Broadcasters Ltd. Partnership*, 505 A.2d 1283 (Del. Ch. 1985). The Way also is entitled to an injunction based on Defendants' conduct constituting a deceptive trade practice. *See* 6 Del. Code §§ 2531-36.

The undisputed facts show that Way has longstanding rights to THE WAY Marks and that it has suffered, and will continue to suffer, irreparable harm by virtue of Defendants' intentional acts of infringement, unfair competition, and deceptive trade practices.

## Conclusion

Defendants' infringing conduct should be permanently enjoined, and their infringing domain name should be ordered transferred to Plaintiff. Because no responsive pleading was filed within the time provided by the Federal Rule of Civil Procedure 55(b) and this Court's Order (D.I. 9), and a default has been entered, Defendants have admitted their infringement, and The Way respectfully requests that the Court grant this Motion and enter judgment by default against Defendants for the relief sought herein.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Louis A. Colombo
Brandt W. Gebhardt
BAKER & HOSTETLER LLP
3200 National City Center
1900 East 9th Street
Cleveland, Ohio 44114
Tel: (216) 621-0200

Dated: November 15, 2007
832268 / 32139

By: /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Plaintiff The Way International*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on November 15, 2007, a copy of the foregoing document was served upon Defendants by U.S. First Class Certified Mail (return receipt requested) at the following addresses of record and was electronically filed with the Clerk of the Court using CM/ECF:

**VIA FIRST CLASS MAIL**

Carl A. Turner, Sr.
1 Yorkshire Court
Bear, DE  19701

The Way Ministries, Inc.
c/o Carl A. Turner, Sr.
1 Yorkshire Court
Bear, DE  19701

*/s/ Richard L. Horwitz*
Richard L. Horwitz
Kenneth L. Dorsney
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

826191 / 32139